PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Chevrolet HHR shuck a rock embedded in the surface of County Route 24 in Spencer, Roane County. Katrina Kelley was the driver at the time of the incident. County Route 24 is a public road maintained by respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:00 p.m. on March 31, 2009. County Route 24 is a one-lane, tar and chip road. The speed limit is twenty miles per hour. At the time of the incident, Ms. Kelley was returning home from picking up her granddaughter at school. She was driving around a curve on County Route 24 and was proceeding downhill at between fifteen and twenty miles per hour when their vehicle struck a rock that was embedded in the road. Since County Route 24 was not level and there were numerous ruts on both sides of the road, Ms. Kelley was unable to avoid the rock located in a high spot between the ruts. She stated that oil and gas companies have brought heavy equipment onto this road for drilling which has created the ruts and the high spot located in the center of the road. Ms. Kelley travels this road on a daily basis and stated that the road has been in this condition for approximately two years. Claimants did not call respondent regarding the condition of the road prior to this incident. As a result, claimants’ vehicle sustained damage to its oil pan and the vehicle needed to be re-aligned totaling $538.73. Since claimants’ insurance deductible at the time of the incident was $500.00, claimants’ recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 24. Frank McQuain Jr., Highway Administrator for respondent in Roane County, testified that at the time of the incident, he was the Crew Supervisor for respondent in Roane County. He stated that he is familiar with County Route 24 and testified that it is a third priority road in terms of its maintenance. Fie stated that chilling trucks have caused problems with this road. According to Mr. McQuain, respondent did not receive complaints regarding the condition of the road prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the condition on County Route 24. The Court finds that the road was in disrepair at the time of this incident. The driver was unable to avoid striking the rock with the vehicle due to the condition of the road. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $500.00.
Award of $500.00.